IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 5 2010

David J. Bradley, Clerk of Court

| | |
|---|---|
| GREGORIO ALANIZ, ET AL., | § |
| Plaintiffs, | § |
| v. | §  CIVIL ACTION NO. B-09-113 |
| H AND H FARMS, LLC & GABRIEL RUBIO, | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

BE IT REMEMBERED, that on October 14, 2010, the Court **DENIED** Defendant H&H Farms, LLC's Motion to Vacate Default Judgment. Dkt. No. 18.

### I. Background

On April 29, 2009, Plaintiffs, a group of migrant farm workers residing in South Texas, filed suit against H&H Farms LLC (H&H) and Gabriel Rubio. Dkt. No. 1. They amended their complaint on July 22, 2009. Dkt No. 5. They sought actual or statutory damages for alleged violations of the Agricultural Workers' Protection Act (AWPA), 29 U.S.C. § 1801 *et seq.*, and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, arising out of their employment at an H&H-owned farm in Oklahoma in October of 2008. Dkt. No. 5 at 7–10. Specifically, Plaintiffs alleged, among other things, that H&H paid them lower wages than promised, allowed them fewer hours to work than promised, transported them in a vehicle that was too small to accommodate all passengers, and provided inadequate housing at the farm at which they worked. Dkt. No. 5 at 4–7. H&H was served with the original complaint on July 19, 2009, Dkt. No. 6, and the amended complaint on September 8, 2009. Dkt. No. 7. Its answer was due on September 28, 2009. *See id.*

This Court entered default against H&H on November 10, 2009 and ordered Plaintiffs to file a memorandum of law substantiating their requested damages.[1] *See* Dkt. No. 10 at 2–3. After reviewing this memorandum, Dkt. No. 15, the Court entered a default judgment against H&H and Rubio in the amount of $113,685.44 on January 6, 2010. Dkt. No. 17. On January 29, 2010, H&H filed the instant Motion to Vacate the Default Judgment; Plaintiffs responded on February 18, 2010. Dkt. Nos. 18, 19.

H&H argues that the default judgment should be set aside. Dkt. No. 18. It asserts that its failure to file a timely answer was not willful but was due to a misunderstanding between H&H and Shannon Jones, its Tennessee attorney.[2] Dkt. No. 18 at 3. According to H&H, its President believed Jones had contacted counsel in Texas to represent it. *Id.* H&H denies that setting aside the default judgment would prejudice Plaintiffs, and asserts that it has a meritorious defense to Plaintiffs' claims. *Id.* at 2–3. Specifically it asserts it can show wage and hour records for Plaintiffs which refute their claims, evidence that the housing in which Plaintiffs' stayed received official certification, and proof Plaintiffs were transported in a 15-passenger van. *See id.* at 3.

In their response, Plaintiffs assert that H&H has failed to demonstrate good cause to set aside the default. Dkt. No. 19 at 2. They argue they will be prejudiced if the default is set aside. *Id.* Plaintiffs allege H&H failed to defend in spite of repeated letters informing it of the possibility of entry of default, and this failure demonstrates H&H's willful intent not to defend. *Id.* Moreover, Plaintiffs argue that H&H has failed to show that it has a meritorious defense to many of their claims. *Id.* at 2–9.

---

[1] Due to a deficiency in the original proof of service of Defendant Gabriel Rubio, the Court granted Plaintiffs leave to refile their proof of service on November 10, 2009. Dkt. No. 10 at 2. Plaintiffs docketed an amended proof of service on November 20, 2010. Dkt. No. 13.

[2] The affidavits of the parties admit of some confusion concerning Shannon Jones's gender. In his affidavit, Brad Hutchison utilizes male honorifics and pronouns when referring to Jones. *See, e.g.*, Dkt. No. 18 Ex. B at 1 ("Mr. Jones advised that he did not do cases in Texas . . . ."). Jones's affidavit, however, begins with a recitation that Jones was "duly sworn according to law upon her oath . . . ." *Id.* Ex. C at 1. With no other evidence of Jones's gender, the Court will give greater weight to the gender suggested by Jones, who is in the best position to know, rather than Hutchison when undertaking the admittedly somewhat perilous task of selecting gendered pronouns herein.

## II. Standard of Review

Federal Rule of Civil Procedure 60(b) allows relief from a final judgment for mistake, inadvertence, surprise, or excusable neglect. The moving party must show that the "failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were set aside." Fed. Sav. & Loan Ins. Corp. v. Kroenke, 858 F.2d 1067, 1069 (5th Cir. 1988). This Court must consider three factors when determining whether to set aside a default judgment: (1) whether the default was willful or the result of excusable neglect; (2) whether a meritorious defense is presented; and (3) whether vacating the default judgment would prejudice the nonmoving party. Jenkens & Gilchrist P. C. v. Goria & Co., 542 F.3d 114, 119 (5th Cir. 2008), cert. denied, 129 S. Ct. 1585 (2009). "[A] Rule 60(b) motion to set aside a default judgment should be 'liberally construed in favor of trial on the full merits of the case.'" Southern Distrib. Co., Inc. v. Technical Support Assocs., 105 F.R.D. 1, 3 (5th Cir. 1984) (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 403 (5th Cir. 1981)). "Unless it is apparent that no injustice results from the default, relief should be granted." Beitel v. OCA, Inc., 551 F.3d 359, 370 (5th Cir. 2008) (quoting Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d 890, 895 (5th Cir 1984)).

To merit relief from default judgment, a party must show that its failure to file a timely answer or otherwise defend resulted from excusable neglect. CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992). If H&H's default was willful then the Court may deny relief under Rule 60(b)(1) for that reason alone. Jenkens & Gilchrist, 542 F.3d at 122. When a defendant fails to respond due in part to his own negligence, it becomes the defendant's burden to convince the Court that this negligence is excusable. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 939 (5th Cir. 1999) (citing Baez v. S.S. Kresge Co., 518 F.2d 349 (5th Cir. 1975)). The Court is justified in refusing to set aside a default judgment when the defendant fails to establish and maintain minimum internal procedural safeguards to prevent the default. Rogers, 167 F.3d at 939. A willful default is an intentional failure to respond to litigation. Lacy v. Sitel Corp.,

3

227 F.3d 290, 292 (5th Cir. 2000). Nonetheless, excusable neglect of a defendant or his counsel may be grounds to set aside a default judgment. Interscope Records v. Benavides, 241 F.R.D. 458, 461 (W.D. Tex. 2006)

### III. Discussion

H&H maintains its failure to file a timely answer was due to a misunderstanding between H&H and Shannon Jones, its Tennessee attorney. Dkt. No. 18 at 3. In his affidavit, Hutchinson states that he brought the complaints Plaintiffs served on H&H on July 18, 2009, and September 8, 2009, to Jones on two separate occasions. Dkt. No. 18 Ex. B at 2–3. Hutchinson alleges that Jones advised him on both occasions that Jones was attempting to find counsel for H&H in Brownsville, Texas, to handle this case. Dkt. No. 18 Ex. B at 1–2.

Jones, on the other hand, partially disputes this claim, averring that she was consistently clear that she did not represent H&H in this case and could not practice in Texas or before this Court. *See id.* Ex. C at 1–2. Nonetheless, Jones states that "Mr. Hutchinson [sic] failure to file an answer was not due to his neglect but due to inadvertence on my part to properly calculate the date on which an answer was due." Dkt. No. 19 Ex. C at 3. Though her affidavit does not say as much, one might infer that Jones communicated her mistaken calculation of the deadline for filing an answer to Hutchinson and that Hutchinson relied on that calculation in not taking matters into his own hands.

At a minimum, H&H's evidence shows that its failure to timely answer in this case was due at least in part to negligence. Jones admits that she incorrectly calculated the date on which an answer was due. Dkt. No. 19 Ex. C at 3. The Fifth Circuit has held that a seven-day error in the calculation of an answer demonstrated sufficient negligence to justify the denial of a motion to set aside a default. Drinnon v. Allstate Ins. Co., 88 F. Appx. 9, 9–10 (5th Cir. 2004) (per curiam, unpublished opinion) (miscalculating answer due date as March 17 when answer was due March 10). Not only did H&H fail to answer before the expiration of the answer deadline, it failed to answer before the expiration of the 90-day deadline which would have applied if Hutchinson had executed a waiver of service

and resided "outside of any judicial district of the United States." FED. R. CIV. P. 4(d)(3) (2009). The Court finds Jones's failure to calculate the proper answer deadline to be at least partially the result of negligence.

Moreover, Hutchinson's affidavit makes clear that he acted negligently by relying on Jones. In his affidavit, Hutchinson states that he was unaware H&H had no representation in this case until he received the default judgment, Dkt. No. 18 Ex. B at 2, but in that same affidavit, Hutchinson admits that Jones told him that she did not have a license to practice in Texas or federal courts in Texas and did not take Texas cases. Dkt. No. 18 Ex. B at 1. Jones's affidavit clearly states that she told Hutchinson that she had not found a Texas attorney to represent H&H both times she and Hutchinson discussed this case. *See* Dkt. No. 18 Ex. B at 1. Though a client may sometimes rely on his attorney's advice, he may not do so at least when, as in this case, he admits the attorney's advice is contradictory. *Cf.* Pusser v. Gordon, 684 S.W.2d 639, 642 (Tenn. Ct. App. 1984) (holding that defendant who admitted in testimony that she knew of spending limit when she took charge of guardianship estate could not rely on her attorney's subsequent contradictory advice).

Meanwhile, Hutchinson admits that he received both summonses in this case. *See* Dkt. No. 18 Ex. B at 1. Plaintiffs served Hutchinson with the original Complaint on July 18, 2009, Dkt. No. 6, and the First Amended Complaint on September 8, 2009, Dkt. No. 7. The first page of these summonses informs the recipient that an answer must be filed within 20 days to avoid the possibility of default. *See ibid.* H&H may also have received additional notice of the imminence of default. Plaintiffs' attorney attaches copies of letters sent on August 14, 2009, September 29, 2009, and November 18, 2009, attempting to inform H&H that a motion for default had been filed. Dkt. No. 19. Ex. D–F. These letters were sent to the same address at which the summonses were served on July 18, 2009, and September 8, 2009. Dkt. Nos. 6, 7. Hutchinson's affidavit is silent concerning these letters, and nothing else in the record suggests that they were not received.

Hutchinson hardly acted with a sense of urgency when he was served with the amended complaint on September 8, 2009. Dkt. No. 7. By his own admission, he waited until October, when the 20-day deadline to answer appearing on the face of the summons had elapsed before contacting Jones. Dkt. No. 18 Ex. B at 1 (stating that he brought complaint and summons to Jones in October). Jones informed Hutchinson that he had no representation at that time, *id.* Ex. B at 1, yet Hutchinson took no action. *Id.* Ex. C at 1–2. Even if Hutchinson never received the letters sent to the same address at which he was served with both complaints, *Compare, e.g.*, Dkt. No. 7 at 1 *with* Dkt. No. 4 at 1, he failed to answer before the expiration of the 90-day deadline which would have applied if he executed a waiver of service and resided "outside of any judicial district of the United States," which of course he did not. FED. R. CIV. P. 4(d)(3) (2009). In these circumstances, the Court cannot therefore conclude that Hutchinson's failure to defend resulted from a simple miscalculation of a deadline even if such a miscalculation were sufficient to establish excusable neglect. *See Rogers*, 167 F.3d at 939; *Drinnon*, 88 F. Appx. at 9.

H&H failed to act after being served with two summonses and receiving three letters over the course of approximately six months informing it of the consequences of failing to respond to this lawsuit. Dkt. Nos. 6, 7. It had over five months to act before the granting of the default judgment. It then waited until three weeks after the entry of that judgment to make an appearance. Based on this evidence, the Court concludes that H&H's failure to answer did not result from excusable neglect, but rather from willful default.

H&H's lack of urgency in responding to the complaints in this case resembles the behavior of the defaulting defendant in *Formal Specialists Ltd. v. Wilbert Lyons Inc.*, 98 F. Appx. 284, 286 (5th Cir. 2004) (per curiam). In *Formal Specialists*, the Fifth Circuit upheld a district court's determination that a defendant that failed to answer for nine months intentionally defaulted despite its allegations that its failure to answer was at least in part due to attorney error. The *Formal Specialists* court emphasized that the defendant received the summons and complaint which warned that a default judgment would be entered if an answer was not filed within

20 days. *See id.* at 286. Even if defendant's attorney had contributed to the default, the Fifth Circuit stated that refusing to set aside the default was appropriate because the defendant "did not act expeditiously to cure the default." *Id.*

The Court finds that Defendant H&H Farms, LLC has failed to carry its burden to establish that its failure to timely answer resulted from excusable neglect. *See Rogers*, 167 F.3d at 939. "A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292 (*quoting Dierschke*, 975 F.2d at 183–84 (applying this standard to conclude that defendant's alleged negligent misunderstanding of fact that he had been served with new lawsuit rather than new pleading in other litigation amounted to intentional failure to answer)); *see also CJC Holdings*, 979 F.2d at 64; United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985).

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant H&H Farms, LLC's Motion to Vacate Default Judgment, Dkt. No. 18, is **DENIED**.

DONE at Brownsville, Texas, on October 14, 2010.

Hilda G. Tagle
United States District Judge